.J. W. Johnson v. W. H. Neal.

[Filed May 6, 1891.]

1. **Exemptions**: Review. In an action of replevin by the head of the family against the sheriff, claiming certain property ·as being exempt, *held*, that the evidence sustained the judgment of the court below that the property was exempt.

2. **Petition**, set out in the opinion, *held*, to state a cause of action.

Error to the district court for Johnson county. Tried below before Appelget, J.

*D. F. Osgood*, for plaintiff in error, cited: *Mann v. Welton*, 21 Neb., 541; *B. & M. R. Co. v. Kearney County*, 17 Id., 511, 518.

*J. Hall Hitchcock, contra.*

Maxwell, J.

This action was brought in the district court of Johnson county by the defendant in error, against the plaintiff in error, to recover the possession of certain goods which the plaintiff in error, sheriff of that county, had levied upon.

On the trial of the cause the jury returned a verdict in favor of the defendant in error, on which judgment was rendered.

The assignments of error in this court may be considered under two heads: First, that the petition does not state facts sufficient to constitute a cause of action, and, second, that the evidence is insufficient to sustain the verdict:

The petition is as follows:

"Now comes the plaintiff herein and for his cause of action alleges and shows:

" First—That this defendant was the duly appointed

and qualified sheriff of Johnson county, Nebraska, from the first day of June, 1889, to the first part of January, 1890.

"Second—That the plaintiff is the owner and entitled to the immediate possesion of the following described goods and chattels, to-wit : The undivided two-thirds interest in and to 100 acres of corn situated on sections 21 and 22, town 6, range 9, Johnson county, Nebraska (except the south ten acres), being same now in the possession of said defendant, and which he still holds, of the value of $200.

"Third—The defendant wrongfully detains said goods and chattels from the possession of plaintiff, and has wrongfully detained the same, to plaintiff's damage in the sum of $25.

"Fourth—That said property was seized by said defendant as sheriff of said county, under an execution issued on judgment against the plaintiff, but consisted of articles which are exempt from execution.

"Fifth—That plaintiff was, at the time of levying said execution, and still is, a resident of this state and the head of a family, and he has neither lands, town lots, or houses subject to exemption as a homestead, and he is engaged in the business of agriculture."

There is but little testimony in the case, as follows:

W. H. Neal, the defendant herein, testified as follows, omitting the exceptions :

Q. You are the plaintiff in this case, are you not?

\*       \*       \*       \*       \*       \*       \*

Q. What is your business?

A. Farming.

Q. Where do you reside?

A. I reside on what is known as the Houk farm, a mile and a half west of Sterling.

Q. Where did you reside at the time this property that you complain of here was seized by the sheriff?

\*       .\*       \*       \*       \*       \*       \*

Johnson v. Neal.

Q. You may state what was done on or about the 2d day of October, 1889.

A. What about?

Q. Whether or not any of your property was taken, and if so, by whom?

A. It was.

Q. Tell the jury what was done.

*       *       *       *       *       *       *

A. About that time, I don't know the exact date, the sheriff came to my place where I lived, and levied on my property. We were gathering corn at the time, and he asked me what I had and I told him, and he levied on everything I had, and I claim I am exempt.

*       *       *       *       *       *       *

Q. You need not tell what you claimed. Can you tell what property he levied upon, describe it?

A. He levied upon——   *   *   *

Q. You say you are a resident of the state of Nebraska?

A. I am.

Q. State whether you are the head of a family.

A. I am.

Q. State whether you have any real estate.

*       *       *       *       *       *       *

A. I have not.

Q. You may state whether you made any demand upon the sheriff to have appraisers appointed to set off what was allowed you.

*       *       *       *       *       *       *

A. I did.

Q. Go on and state what was done—what the sheriff did and what you did.

*       *       *       *       *       *       *

A. He levied on all I had.

Q. State whether he allowed you anything.

A. He did not.

*       *       *       *       *       *       *

Q. State whether or not you made any selection.

*     *     *     *     *     *     *

A. I did not.

Q. You may state whether you filed an inventory of all your personal property with the sheriff at the time the levy was made.

A. I did.

*     *     *     *     *     *     *

Q. (Handing witness a paper.)  You may look at that paper; look at the name there.  Is that your signature?

A. It is.

Q. You say you handed this to the officer?

A. Yes, sir.

*     *     *     *     *     *     *

J. Hall Hitchcock, sworn for plaintiff:

Q. (By Mr. Hitchcock.)  You may state what you know about the demand for the return of the property levied upon by the sheriff in this case, and what you know about any selection that was made by the plaintiff claiming the same as exempt.

*     *     *     *     *     *     *

A. Mr. Neal came to me at the time the sheriff was there, with the sheriff, and with a list of the property, and asked to have an appraisement of the property and make selection, and the sheriff showed me the list of the property, and after looking it over I told him for Mr. Neal that it was all exempt; that a certain amount of it, as I specified from the articles of the inventory, was exempt to him as being a resident of the state and the head of a family; and other articles besides these mentioned by the sheriff were exempt to him as being a resident of the state of Nebraska, the head of a family, and being engaged in the business of agriculture.  I told the sheriff that I thought he was allowed $500 besides these articles enumerated, and I demanded a release of the property for Mr. Neal.

*     *     *     *     *     *     *

4

(Witness continues:) Then I selected from the inventory presented by the sheriff the articles for Mr. Neal that were allowed him as especially enumerated articles, and I further selected all the other articles that were proposed and presented to me to be selected by the sheriff for Mr. Neal, claiming them as exempt, in lieu of the homestead, in addition to the especially enumerated articles I had selected as exempt, and demanded the release of all from the execution.

\*          \*          \*          \*          \*          \*          \*          \*

Plaintiff offers in evidence the execution in the case, as found among the files of this case, with the return of the officer thereon. (A copy of the same is hereto attached, marked " Exhibit B.")

Plaintiff also offers in evidence the claims of exemption filed with the sheriff, other than the inventory which is mentioned in the return as having been received. Plaintiff's Exhibit C.

\*          \*          \*          \*          \*          \*          \*          \*

Plaintiff also offers in evidence the appraisement of the property that was taken and is filed with the papers and mentioned in the sheriff's return, and the selection of the property as shown by the files and mentioned in the return of the sheriff. Plaintiff's " Exhibit D."

The petition states a cause of action and is sufficient to entitle the plaintiff below to recover.

No testimony was offered in behalf of the plaintiff in error and it is apparent that the property described was exempt under the statute.

The judgment of the district court is right and is

AFFIRMED.

THE other judges concur.